WEARY ET AL V. THE STATE UNIVERSITY ET AL.

1. **Corporation**: STATE UNIVERSITY. The State University is not a corporation, but a creature of the legislature, whose property belongs to the State like that of its eleemosynary institutions. It cannot be pursued in an action at law and any judgment rendered against it would be valueless.

2. ———: ———: REMEDY. The proper method of seeking relief for grievances resulting from official acts of the officers of the University is by application to the legislature.

*Appeal from Johnson District Court.*

TUESDAY, MARCH 21.

THE defendant, William Crum, as treasurer of the board of trustees of the State University of Iowa, executed to the plaintiff, King, a contract whereby he agreed to sell and convey with special warranty to said King certain land. King paid a portion of the purchase money and assigned his contract to the plaintiff, Weary, who also paid a portion of the purchase money. Afterwards it was adjudged that the land was the property of one Page. The plaintiffs brought this suit to recover back the money which they had paid on the contract. The State University demurred to the petition on the following grounds:

"1. The plaintiffs' action is against said State University, as shown by plaintiff's petition, and no action lies against said institution in the courts of this State.

"2. The State University of Iowa is a State educational agent only and cannot be sued in the courts of this State.

"3. The court has no jurisdiction of the State University of Iowa."

The demurrer was sustained and the plaintiff appeals.

*Cook, Richman & Bruning*, for appellant.

The State University is a public corporation and subject to be sued as other corporations. (Angel & Ames on Corp., § §

32, 34; *Trustees, etc. v. Winston*, 5 S. & P. (Ala.), 17; *Head v. Curators, etc.*, 47 Mo., 220; *University, etc. v. Maulsby*, 8 Ired. Eq., 257.) This State has twice asserted its jurisdiction over the State University. (*Henn v. State University*, 22 Iowa, 185; s. c., 26 Id., 594); and over a similar institution, the State Agricultural College. (*Smith v. Trustees Ag. Col.*, 28 Iowa, 500.) So far as the University has the power to act at all, its actions are to be governed by the same rule of law which governs the actions of individuals. (Angel & Ames on Corp., § 110.)

*Clark & Haddock*, for appellee.

In this country all corporations owe their origin to a legislative act called a charter, which is the source of all their power. (Bouvier's Inst., § 179; *Head v. Prov. Ins. Co.*, 2 Cranch., 127.) In the cases cited where the courts of this State have exercised jurisdiction over the University and similar institutions, no question of jurisdiction was raised. The language of the constitution indicates that the State asserts its rights of property in the funds of the University. (Constitution, Art. 7, Sec. 3.) The State audits its bills. (Code, § 1591.)

ADAMS, J.—The demurrer raises the question as to whether the State University of Iowa is a corporation and liable to be sued.

In *Henn v. The State University*, 22 Iowa, 185, both this court and the court below assumed that it was thus liable, 1. CORPORA-TION: state university. no question being raised upon that point. The defense to the claim was placed on other grounds. We find no other case in which the University has been sued, and we have to consider the question now raised as a new one. In approaching the question as to whether the State University of Iowa is a corporation, we may observe that, while in England and possibly in some few instances in this country, corporations exist by prescription, the presumption being that there was a grant of corporate powers but that all evidence of the same has been lost by lapse of time, it can-

not be claimed that any obscurity rests upon the origin of the State University of Iowa, or that we do not have before us all the evidence that ever existed as to the grant of whatever corporate powers the University is permitted to enjoy. Such grant, if it has been made, is to be found in the constitution of Iowa or the statutes. The first constitution of Iowa provided that the State University should be established at one place without branches; and the new constitution provides that it shall be permanently located at Iowa City. We do not find, however, in either constitution any provision incorporating the University or conferring any powers thereon. The State University was called into existence by an act which constitutes Chapter 65, of Title XIV, of the Code of 1851. By that act the University was not only established but the public buildings at Iowa City, with the ten acres of land on which the same are situated, were granted for its use. Two townships of land, which had been granted by Congress, were (to use the words of this statute) "donated to the said University." Certain persons were named in the act as trustees, and their duties were defined. Did these provisions incorporate the University? If not, we do not find any incorporation. Strictly speaking, there could not be a grant without a grantee, and it is difficult to conceive of a grantee in this case, capable of taking, if the University was not incorporated. Yet we cannot say that an attempt to make a grant *thereby creates* a grantee. The grant would be simply void.

It has been held, it is true, that no precise form of words is necessary in the creation of a corporation, and that the assent of the government may be given constructively or presumptively without such words. In Angell & Ames on Corporations, Sec. 76, it is said: "It was held in ancient times if a king granted to a village *gildam mercatoriam,* it was by such grant incorporated. So if the king granted to a village to be quit of toll, it was for that purpose incorporated. Or if he granted lands to them he gave them a corporate capacity to take, if a rent was reserved." In Sec. 78 the same authors say: "It is, indeed, a principle of law, which has been often acted on, that where rights, privileges and powers are granted

by law to an association of persons by a collective name, and there is no mode by which such rights can be enjoyed, or such powers exercised without acting in a corporate capacity, such associations are by implication a corporation, so far as to enable them to exercise the rights and powers granted."

But the State University of Iowa had no existence in any form prior to the act in question. It was simply an idea or project. No grant was made to an association of men acting under a collective name or otherwise. The trustees designated · were simply agents of the State, and whose successors were to be appointed by the State. They did not constitute the University. In the language of the statute, they were appointed "for the control of said University and for the better management of the same." We are forced to the conclusion, then, that the words "granted" and "donated," as used in the statute, must mean simply *appropriated*. If we are correct we are relieved from the trouble of supposing that there must have been a grantee to effectuate the grant. It has always been understood, indeed, that the University property belongs to the State. The legislature makes appropriations for the erection of new buildings and repair of the old, but does not make donations. The constitution provides (Art. 7, Sec. 3) that "all losses to the permanent school or University fund of this State which shall have been occasioned by defalcation, mismanagement or fraud of the agents or officers controlling and managing the same, shall be audited by the proper authorities of the State. The amount so audited shall be a permanent funded debt against the State." It will be observed that the permanent school fund and permanent University fund are spoken of together as belonging to the State — the latter as much as the former.

Again, whenever University lands are sold patents are issued by the State. We conclude that all the University property belongs to the State as essentially as the property which is being used for asylums for the insane, the deaf and dumb, and the blind, and that the appropriations made to defray the current expenses of the University remain the property of the State until expended. If we are correct in

this conclusion then a judgment against the University, if it were allowed, would be of no value.

According to the statements in the petition it appears that

2. ——: ——: the State received from the plaintiffs certain money
remedy. for land to which the title of the State was defective. Upon a proper application to the legislature it is to be presumed that the plaintiffs would be fully reimbursed. At all events, we are of the opinion that the State University of Iowa is not a corporation and is not liable to be sued.

AFFIRMED.